UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY,

    Plaintiff,

    v.

MURRAY NEBERGALL and LESLEY
NEBERGALL,

    Defendants.

Case No. 21-1184-JAR

## ORDER TO SHOW CAUSE

This is an interpleader action involving distribution of basic and supplemental life-insurance benefits ("Death Benefits") under a Spirit Aerosystems Holdings, Inc. insurance plan (the "Plan") upon the death of former Spirit employee Rory Nebergall (the "Decedent"). Pursuant to the Plan, the Decedent's designated beneficiaries are entitled to payment of the Death Benefits. On the date of the Decedent's death, his ex-wife, Lesley Nebergall ("Lesley") was the designated primary beneficiary. But the Decedent's father, Murray Nebergall ("Murray"), challenges that designation and claims he is the valid primary beneficiary of the Death Benefits. As pertinent to this order, Murray alleges the Decedent designated him the sole primary beneficiary with the understanding, however, that Murray would use the Death Benefits to care for the Decedent's minor daughter,

1

B.E.N.[1]  Lesley admits that after B.E.N. was born, "the death benefit was to be used to care for . . . B.E.N."[2]

The court conducted a scheduling conference on November 4, 2021.  During the conference, the court discussed with counsel for Lesley and Murray the fact that B.E.N. would appear to have an interest in the Death Benefits, whether under a constructive-trust theory or otherwise.  The court is concerned that, as things currently stand, despite the parties' pleaded positions, nothing would seem to prevent Murray or Lesley (regardless of who prevails in this case) from using the insurance proceeds for their personal benefit instead of for the benefit of B.E.N.  At least as to some of the insurance proceeds, counsel did not dispute that possibility, i.e., Murray's lawyer raised a concern about his contingency-fee arrangement with his client, and Lesley's lawyer raised a concern about her client getting reimbursed for certain end-of-life expenses she supposedly incurred for the benefit of the Decedent.  In any event, B.E.N.'s interests are not adequately represented.  She is at considerable risk.  The court believes it prudent to further explore the issue.

IT IS THEREFORE ORDERED that Murray and Lesley shall each show cause why the court should not appoint a guardian ad litem, presumably a Kansas lawyer who is experienced in litigating both life insurance and trust matters, to represent the interests of minor B.E.N. in this action.  They also shall show cause why they should not be ordered to

---

[1] ECF No. 7 at 4.  B.E.N. is not Lesley's daughter.

[2] ECF No. 12 at 2.

advance money to pay for the guardian ad litem's fees, mindful the court would retain the discretion to reimburse those advancements out of the subject insurance proceeds.  The responses to this show-cause order, supported by citations to controlling legal authorities, must be filed by **November 19, 2021**.

    Dated November 4, 2021, at Kansas City, Kansas.

                                                                        s/ James P. O'Hara
                                                                       James P. O'Hara
                                                                       U.S. Magistrate Judge