IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HARTFORD LIFE & ACCIDENT INSURANCE COMPANY,** <br><br> Plaintiff, <br><br> v. <br><br> **MURRAY NEBERGALL AND LESLEY NEBERGALL,** <br><br> Defendants. | Case No. 21-1184-JAR-JPO |

## MEMORANDUM AND ORDER

This is an interpleader action involving distribution of basic and supplemental life insurance benefits under a Spirit Aerosystems Holdings, Inc. insurance plan upon the death of former Spirit employee Rory Nebergall ("the Decedent"). Defendants Murray Nebergall, the Decedent's father, and Lesley Nebergall, the Decedent's ex-wife, each claim entitlement to the life insurance proceeds. The Court issued an Interpleader Order on October 19, 2021, allowing Plaintiff Hartford Life & Accident Insurance Company ("Hartford") to tender $397,000 in benefits, plus any applicable interest, to the Clerk of Court, minus $5,000 in attorneys' fees.[1] Hartford deposited these funds with the Court on November 10, 2021, and has been dismissed from this action.[2]

Before the Court is Defendants' Joint Motion for Consent Judgment Creating Trust, Disbursing Registry Funds, and for Dismissal (Doc. 22). As described more fully below, the Court denies the motion without prejudice to refiling. Before the Court will approve distribution

---

[1] Doc. 11.
[2] Doc. 24.

of the interpled funds as proposed by Defendants, the Court will appoint a guardian ad litem ("GAL") to represent the Decedent's minor daughter, B.E.N. The GAL's fees, if approved by the Court, will be deducted from the court registry.

## I. Background

According to the pleadings, Lesley Nebergall ("Lesley") was designated the primary beneficiary of the Decedent's life insurance benefits at the time of his death on January 1, 2021. The Decedent and Lesley divorced in 2005, after which the Decedent's father, Murray Nebergall ("Murray"), was designated the Decedent's sole primary beneficiary. Murray alleges that the Decedent designated him the primary beneficiary with "the understanding that Murray would use the death benefit to care for the Insured's minor daughter, B.E.N."[3] On October 27, 2020, the designation was changed from Murray to Lesley.

Count I of Murray's Crossclaim alleges a constructive trust claim—that Lesley "has an equitable duty to convey that property to Murray for the minor child's benefit, and that Lesley would be unjustly enriched at the expense of the Insured's minor child by the receipt of such funds."[4] Count II of Murray's Crossclaim alleges breach of fiduciary duty, in part on the basis that "Lesley knew or should have known that the purpose of the Insured's estate plan was to provide for his minor daughter by disposition of the death benefit to his father, Murray."[5] Count III alleges that Lesley used undue influence to cause the designation to be changed.

On November 4, 2021, presiding United States Magistrate Judge James P. O'Hara issued an Order to Show Cause why he should not appoint a GAL to represent the interests of B.E.N. in

---

[3] Doc. 7 ¶ 38.
[4] *Id.* ¶ 49.
[5] *Id.* ¶ 55.

2

this action.[6]  On November 19, 2021, Defendants filed a joint response to Judge O'Hara's Order to Show Cause,[7] asking that a GAL not be appointed, and separately filed a joint motion for disbursement and dismissal.  The parties agree that the Court should disburse the interpled funds as follows: one-third plus accrued interest to Lesley; one-third plus accrued interest to Murray; and one-third plus accrued interest to Murray as Trustee for the benefit of B.E.N.  In their response to Judge O'Hara's Order to Show Cause, Defendants contend that this proposed settlement agreement, by providing for a one-third distribution in trust to B.E.N., should dispose of any concern that B.E.N.'s interests are not represented in this lawsuit.  Moreover, Defendants argue that B.E.N. has no legal or equitable claim in this matter since she was never designated a beneficiary, and that they should not be required to advance GAL fees if one is appointed.

**II.    Discussion**

Defendants reached a settlement that includes distribution of a portion of the life insurance proceeds to B.E.N. in trust, yet there is no indication in the parties' filings that B.E.N. was represented during these negotiations.  And because this settlement involves a minor, the settlement must be reduced to judgment and approved by the court to be binding.[8]  The Court must determine whether the settlement is just and fair and in the minor's best interest.[9]  "Kansas' appellate decisions repeatedly urge reviewing courts to exercise extensive oversight, ensuring that the injured minor's claims are not sold short by an agreed settlement merely outlined at a "friendly" hearing. . . . 'The district court may not simply rely on the fact that the minor's parents

---

[6] Doc. 16.

[7] Doc. 21.

[8] K.S.A. § 38-102; *Childs ex rel. Harvey v. Williams*, 757 P.2d 302, 303 (Kan. 1988).

[9] *White v. Allied Mut. Ins. Co.*, 31 P.3d 328, 330–31 (Kan. Ct. App. 2001).

have consented to the proposed agreement.  Instead, the court must determine whether the agreement is in the minor's best interests.'"[10]

The Court is concerned that, despite Murray's repeated allegations that he is a rightful beneficiary to the proceeds because the Decedent intended that he use them to care for B.E.N., the proposed settlement carves out a significant amount payable to both parties that is free and clear of any obligation to provide for B.E.N.  The parties' assertion in their response to Judge O'Hara's Order to Show Cause that B.E.N. lacks any legal or equitable interest in this action is incorrect.  As stated above, Murray's stated theory for his entitlement to the proceeds is based in large part on his allegation that the Decedent intended that he use the proceeds to provide for B.E.N.  And in her Answer, Lesley admits that "after the birth of the Insured's daughter, the death benefit was to be used to care for the minor daughter, B.E.N."[11]  Despite these allegations, the parties ask the Court to approve a settlement where the Defendants themselves jointly receive the majority of the proceeds free and clear of any obligation to provide for B.E.N.  If, as the parties urge, the proposed settlement agreement is in B.E.N.'s best interests, the GAL can make that determination expeditiously.  However, the GAL should be at the table to represent B.E.N. during the parties' settlement negotiations, and the Court must approve any future settlement as fair and in the minor's best interest.[12]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Joint Motion for Consent Judgment Creating Trust, Disbursing Registry Funds, and for Dismissal (Doc. 22) is **denied without prejudice**.

---

[10] *Id.* (quoting *Leslie v. Manuf'g Co.*, 102 Kan. 159, 164, 169 P. 193 (1917)).

[11] Doc. 12.

[12] If the parties are so amenable, the settlement hearing may take place by telephone or video conference.

4

**IT IS FURTHER ORDERED BY THE COURT** that Bethany J. Roberts is hereby appointed as guardian ad litem to represent B.E.N.'s interests in this action.  Specifically, Ms. Roberts shall take part in any settlement negotiations with the parties and determine whether any settlement proposal is in B.E.N.'s best interest.  Counsel for Murray Nebergall shall provide Ms. Roberts with contact information for B.E.N.

Ms. Roberts is of legal age, is duly licensed to practice law in the state of Kansas, and is a competent person to protect the interests of B.E.N.  Her address is 1211 Massachusetts Street, Lawrence, Kansas 66044; her phone number is (785) 843-6600; her email address is BRoberts@barberemerson.com.

Ms. Roberts shall receive a reasonable fee, as approved by the Court, which shall be deducted from the funds deposited with the Court by Hartford.

**IT IS SO ORDERED.**

Dated: December 6, 2021

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> UNITED STATES DISTRICT JUDGE